IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



VAL-COM ACQUISITIONS TRUST, §
 §
　　　　Plaintiff, §
 §
VS. § NO. 4:10-CV-567-A
 §
CITIMORTGAGE, INC., §
 §
　　　　Defendant. §

MEMORANDUM OPINION
and
ORDER

Now before the court for decision is the motion for summary judgment filed by defendant, Citimortgage, Inc. Plaintiff, Val-Com Acquisitions Trust, filed nothing in response to the motion. Having now considered defendant's motion, the entire record in this case, and applicable legal authorities, the court concludes that the motion should be granted.

I.

Background and the Summary Judgment Motion

This is one of several similar removed actions initiated by plaintiff in the district courts of Tarrant and other counties. The original petition, filed July 1, 2010, named Val-Com Acquisitions Trust, Daniel E. Bryan ("D. Bryan"), and Tina Bryan ("T. Bryan") as plaintiffs. D. Bryan and T. Bryan were dismissed

from the case on September 24, 2010, as a sanction for their failure to appear at a court-ordered settlement conference.

The limited factual allegations, taken from the petition and documents submitted in support of the summary judgment motion, are undisputed. D. Bryan and T. Bryan obtained a loan from Wilmington Finance, Inc. ("Wilmington") for the purchase of a personal residence in Roanoke, Texas. In connection with the loan transaction, D. Bryan and T. Bryan were the makers of a note in the amount of $210,900.00, payable to Wilmington. As security for payment of the note, D. Bryan and T. Bryan executed a deed of trust for the benefit of Mortgage Electronic Registration Systems, Inc., as nominee for Wilmington, its successor and assigns. D. Bryan and T. Bryan executed the note and deed of trust on March 26, 2007.

Plaintiff acquired the subject property from D. Bryan and T. Bryan by general warranty deed dated February 19, 2010, subject to the note and deed of trust. Defendant is the current mortgagee and servicer of the note and the beneficiary under the deed of trust.

The petition alleges that the loan proceeds obtained by D. Bryan and T. Bryan from defendant's predecessor were for the purchase of a personal residence, thus bringing the loan

transaction within the purview of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and its implementing regulations, Regulation Z, 12 C.F.R. Part 226 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Plaintiff contends that "on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents," defendant's predecessor violated TILA, Regulation Z, and RESPA, by failing to provide D. Bryan and T. Bryan with disclosures and failing to comply with other procedures required by those statutes or regulations. Notice of Removal, Ex. B, Pls.' Orig. Pet. at 5-6.

Plaintiff seeks to recover damages from defendant for the alleged violations of TILA, including Regulation Z, and RESPA, fraud in a real estate transaction pursuant to section 27.01 of the Texas Business and Commerce Code, negligent misrepresentation, and also seeks declaratory and injunctive relief.

Defendant moved for summary judgment on the grounds that: plaintiff's claims pursuant to TILA, RESPA, and for negligent misrepresentation are barred by limitations; plaintiff lacks standing to assert TILA or RESPA claims against defendant, and RESPA claims do not apply to an assignee of a loan such as

plaintiff; section 27.01 of the Texas Business and Commerce Code is inapplicable to a loan transaction; and plaintiff is not entitled to declaratory or injunctive relief.

II.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324. See also Fed. R. Civ. P. 56(c) ("A party

asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden" in response to a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002) (internal quotation marks omitted).

## III.

## Analysis

A. Limitations Bars Plaintiff's Claims Under TILA, RESPA, and for Negligent Misrepresentation[1]

Defendant contends that plaintiff's claims pursuant to TILA, RESPA, and for negligent misrepresentation are barred by limitations. The court agrees.

A claim for violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15

---

[1] Plaintiff did not allege a separate cause of action for violation of Regulation Z.

U.S.C. § 1640(e). Plaintiff claims defendant's predecessor violated unnamed provisions of TILA by failing to provide unspecified disclosures and failing to comply with unidentified procedures.

Under TILA, disclosures are required to be made by the lender at the time the loan transaction is consummated between the consumer and the lender. Id. at § 1639(b); Moor v. Travelers Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986). "Nondisclosure is not a continuing violation for purposes of the statute of limitations." Moor, 784 F.2d at 633 (citations and quotation marks omitted). D. Bryan and T. Bryan completed the loan transaction at issue on March 26, 2007. Any claim alleging a violation of TILA was required to be brought within one year, by March 26, 2008. Plaintiff's TILA claim, brought July 1, 2010, is barred by limitations.[2]

Plaintiff's RESPA claims face a similar fate. Claims arising under RESPA must be brought

> "within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, . . . ."

---

[2] While the petition does not appear to seek rescission under TILA, any such claim would also be barred by the three-year limitations period in 15 U.S.C. § 1635(f).

12 U.S.C. § 2614. The Fifth Circuit has interpreted the phrase "the date of the occurrence of the violation" as the date of closing. Snow v. First Am. Title Ins. Co., 332 F.3d 356, 361 (5th Cir. 2003). Although the petition here fails to allege which section of RESPA has allegedly been violated, plaintiff's claims, brought more than three years after the date of closing, are barred under either the one-year or three-year limitations period.

Even if not barred by limitations, the court concludes that plaintiff has failed to allege anything as would support a claim under any provision of RESPA. The petition fails to allege the statutory provision or provisions allegedly violated by defendant, fails to allege any facts sufficient to state a RESPA violation, and instead pleads only legal conclusions. Nothing in the record before the court establishes any genuine issue of material fact as to plaintiff's RESPA claims.

In the petition, plaintiff generally argues for tolling of the limitations period as to its TILA and RESPA claims, either on the basis of equitable tolling or the discovery rule. The basis of plaintiff's tolling argument is that D. Bryan and T. Bryan did not discover, and could not be expected to discover, the statutory violations due to their detailed nature and complexity.

Plaintiff cites no authority for the proposition that the complexity of a statute is a sufficient basis for tolling limitations provisions therein.

Instead, in the Fifth Circuit, "[t]o clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct." Id. (internal citations omitted). Plaintiff neither alleges, nor has adduced evidence of, any conduct by defendant of the type contemplated by the Fifth Circuit to warrant tolling.

Limitations similarly bars plaintiff's claim for negligent misrepresentation. Such a claim is governed by a two-year statute of limitations. HECI Exploration Co. v. Neel, 982 S.W.2d 881, 885 (Tex. 1998). Plaintiff's negligent misrepresentation claim, brought in this action filed July 1, 2010, is time-barred. Plaintiff makes the same general argument regarding tolling of this claim as for its other claims. The court is not persuaded, for the same reasons cited previously.

B. Claim for Fraud in a Real Estate Transaction

Plaintiff alleges that defendant made false representations of past or existing material facts in connection with D. Bryan and T. Bryan's "execution and delivery of the Note and Deed of

8

Trust, which were executed and delivered for the sole purpose of acquiring" the property at issue here, in violation of section 27.01 of the Texas Business and Commerce Code. Notice of Removal, Ex. B, Pls.' Orig. Pet. at 10. Application of section 27.01 is limited, however, to "misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock." Burleson State Bank v. Plunkett, 27 S.W.3d 605, 611 (Tex. App.--Waco 2000, pet. denied). Section 27.01 "makes no mention of any application . . . to a party who merely loaned money for the purchase of real estate." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 343 (5th Cir. 2008) (quoting Greenway Bank & Trust v. Smith, 679 S.W.2d 592, 596 (Tex. App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.)). Thus, a transaction to loan money, "even if secured by land, is not considered to come under the statute." Burleson State Bank, 27 S.W.3d at 611.

Consequently, because plaintiff has failed to allege any transaction between defendant and D. Bryan and T. Bryan other than one to loan money, summary judgment is granted as to this claim.

C. <u>Claims for Declaratory and Injunctive Relief Fail</u>

The petition seeks relief under the Texas Uniform Declaratory Judgments Act, section 37.002 of the Texas Civil Practice & Remedies Code. The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one. See <u>Utica Lloyd's of Tex. v. Mitchell</u>, 138 F.3d 208, 210 (5th Cir. 1998). Application of either the Texas or federal act leads to the conclusion that plaintiff is not entitled to declaratory relief.

Both the Texas and federal declaratory judgment acts are procedural devices that create no substantive rights. <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 239-41 (1937); <u>Texas Ass'n of Bus. v. Tex. Air Control Bd.</u>, 852 S.W.2d 440, 444 (Tex. 1993). Both the Texas and federal acts require the existence of a justiciable controversy. <u>Aetna</u>, 300 U.S. at 239-41; <u>Bonham State Bank v. Beadle</u>, 907 S.W.2d 465, 467 (Tex. 1995). However, plaintiff has alleged no facts that would lead to the conclusion that a present controversy exists between it and defendant.

Likewise, to prevail on its request for injunctive relief, plaintiff is required to plead and prove, <u>inter alia</u>, "a substantial likelihood of success on the merits." <u>DSC Commc'ns</u>

10

Corp. v. DGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996).
Plaintiff's failure to do so warrants summary judgment.

* * * * *

Although the court need not reach the other arguments for summary judgment asserted in the motion, a preliminary review indicates that defendant would be entitled to summary judgment on those grounds as well.

IV.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Val-Com Acquisitions Trust, against defendant, Citimortgage, Inc., be, and are hereby, dismissed with prejudice.

SIGNED March 3, 2011.

/s/ John McBryde
JOHN McBRYDE
United States District Judge